UNITED STATES DISTRICT COURTS
EASTERN DISTRICT OF TEXAS
__Sherman__ DIVISION

__Jennifer Martin__

Case Number: __4:21CV711 ALM/CAN__

Name of Plaintiff(s)

vs

__Collin County Government__

**FILED**

SEP 1 3 2021

Clerk, U.S. District Court
Eastern District of Texas

Name of Defendant(s)

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Note: If plaintiff is alleging employment discrimination based on race or color, please also see 42:U.S.C. 1981

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the court by 42 U.S.C. 2000e-5. Equitable and other relief are also sought under 42 U.S.C. 2000e-5(g).

2.. Plaintiff, __Jennifer Martin__, is a citizen of the United States
    (name of plaintiff)

and resides at __1980 East Highway 121, Apt 4203__, __Lewisville__
               (street address)                              (city)

__Denton__, __Texas__, __75056__, __573-353-3653__
(county)     (state)    (zip)    (telephone)

3..  Defendant, **Collin County Government** resides at, or its business is located at **2100 Bloomdale Road** (street address), **McKinney** (city), **Collin** (county), **Texas** (state), **75071** (zip), **972-548-4100** (telephone).

4.  Plaintiff sought employment from the defendant or was employed by the defendant at **2100 Bloomdale Road** (street address), **McKinney** (city), **Collin** (county), **Texas** (state), **75071** (zip).

5.  Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about **various dates** (month, day, year).

6.  Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about **July 19, 2019** (month, day, year).

7.  The Equal Employment Commission issued a Notice of Right to Sue which was received by plaintiff on **June 14, 2021** (month day, year).

8. Because of plaintiff's (1) __X__ race, (2) _____ color, (3) _____ sex, (4) _____ national origin, defendant: &Disability

   a. _____ failed to employ plaintiff.

   b. _____ terminated plaintiff's employment.

   c. _____ failed to promote plaintiff.

   d. __X__ Other Discriminated against me
   _____
   _____

9. The circumstances under which the defendant discriminated against plaintiff were as follows:

   *Please See Attached*
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

# Statement of ~~Claims~~ *fm*
# Complaint

- October 23, 2018 - I received a Disciplinary Statement from Rosio Garcia for not giving a three day notice to attend a Doctor's Appointment. My approved ADA accommodation was to attend my Doctor's Appointments.

- December 3, 2018 – In an email from Erica Johnson, Collin County Risk Manager – Human Resources, addressed to Lynne Finley, District Clerk my time out of the office was not substantial. According to her records, over the prior three months, I had been in the office 90% of the time.

- December 5, 2018 – I received a Disciplinary Statement from Rosio Garcia for not turning in a report on a day I was absent from work.

- January 14, 2019 – I was transferred to an entry level position of Deputy District Clerk I, stating I was missing too much work to attend Doctor's Appointments.

- May 7, 2019 – I received a Disciplinary Statement from Kim Sherrin stating I was in violation of a lunch tardy policy that did not exist. I had been attending physical therapy on my lunch breaks which was covered under my approved ADA accommodation.

- May 20, 2019 – Kim Sherrin sent me home when I provided a Doctor's note to return to work.

- May 21, 2019 – Kim Sherrin sent me home when I provided a Doctor's note to return to work.

- May 21, 2019 – I went to Human Resources and spoke to Caitlin Corbett and Jessica Gramly, HR Generalist and made them aware of me being discriminated and harassed by Kim Sherrin.

- May 22, 2019 - I emailed Caitlin Corbett and Jessica Gramly in Human Resources regarding my complaint of being discriminated against and harassed by Kim Sherrin. In the email I requested an investigation in writing to be initiated regarding how I was being treated.

- May 29, 2019 - After addressing my concerns to Caitlin Corbett and Jessica Gramly in Human Resources on May 21, 2019 a lunch tardy policy was created.

- July 15, 2019 - Kim Sherrin stated to me that she contacted Human Resources regarding my two 15 minute breaks being covered under FMLA and they told her no. She stated from that point forward I would need to contact her prior to getting out of my seat to receive permission from her to take a break.

- July 17, 2019 - I emailed Kimberly Ferguson, Caitlin Corbertt, and Jessica Gramly in Human Resources regarding Kim Sherrin stating to me that FMLA does not cover the two fifteen minute breaks. Two fifteen minute breaks are included in the District Clerks Policy Handbook.

- July 18, 2019 - I began emailing Kim Sherrin anytime I left my seat to take a break or use the restroom as instructed.

- July 29, 2019 - Kimberly Ferguson emailed me and stated that FMLA should not be indicated on my timesheet, as FMLA is private and timesheets are not. Kim Sherrin was included on this email. Kim Sherrin had stated for me to include FMLA on my timesheets as well as Rosio Garcia.

- July 31, 2019 Kim Sherrin called me to come to her office for a meeting. Kim Sherrin stated me to that she is no longer going to allow me to continue to change my shoes when I go walking on my breaks. I returned to my desk and emailed Kim Sherrins' supervisor, Zonia Minjares. Again, I stated verbally and in email that I was tired of the constant harassment in which I received from Kim Sherrin. Zonia Minjares requested that I come to her office to discuss the issue. I again asked Zonia what was being done regarding the constant harassment that I am receiving from Kim Sherrin. Her response was "I will look into it" – I have not heard from Zonia since regarding my complaints of harassment in which I received from Kim Sherrin I stopped taking breaks as a result.

- August 16, 2019 - Kim Sherrin instructed me to change my doctors' appointments, without cause. The date of my doctor's appointment no other staff were off that day.

- September 3, 2019 – I was transferred back to the Collections Department and noticed my headset was missing. I emailed my supervisor Rosio Garcia, requesting a new headset. I followed up with her twice in person asking her about the replacement headset, and again on October 24, 2019 by email. I

finally received the headset on November 6, 2019. 90% of my job is taking phone calls, so to use a handheld phone would slowed down my productivity.

- September 16, 2019 - I entered work to find out that the men's restroom had overflowed over the weekend and my workstation was flooded with water. I went to Lynne Finley's office, but she was not there. Cindy Watson asked me if there was something that she could help me with. I explained to her my concern with the carpet being saturated in water and the fact they had set up fans to dry the carpet. I have respiratory issues and was concerned about black mold, which can be deadly. Cindy Watson stated that Facility Services was taking care of things, so I would be fine. For the next couple of days, I had to work with 2 large blower fans running all day in my work area, in an effort to dry the carpet. As I began to have to use my breathing machine more, I again addressed my concerns with Cindy Watson who referred me to Julie Rutherford in Human Resources. I expressed my concerns with mold being under the carpet with Julie Rutherford and reminded her of my respiratory issues and she stated that they would not be conducting any mold test. My health issues continued to get worse.

- October 2, 2019 - I received an email from Kim Sherrin (who was no longer my supervisor as of August 30, 2019) asking me to bubble in my time sheet from September 25, 2019 and put why I was late coming back from lunch. This language is not included in the District Clerks tardy policy, nor has it ever been a requirement in the four years I had been employed in the District Clerks Office. I updated my time sheet to include the word "late".

- October 7, 2019 - I received a Disciplinary Statement from Tammy Mueller stating I was in violation citing conduct of insubordination for the email exchange with Kim Sherrin from October 2, 2019.

- November 14, 2019 – I received an error report from Rosio Garcia stating that I had over 100 errors from September 3, 2019 to present. I immediately knew something was wrong and requested a meeting with Lynne Finley. That meeting didn't take place until February 13, 2020.

- November 26, 2019 - At 10:46am, I text my supervisor Rosio Garcia that I was still at the doctor's office and they were running behind. Rosio Garcia

responded at 10:49am. At 12:29pm I sent Rosio Garcia another text message stating that I had seen the Doctor and needed to immediately go to get an EKG done at another facility. At 1:05pm Rosio Garcia responded by asking me if this were FMLA. At 4:49pm I responded and said yes it is. Another message was sent by myself to Tammy Mueller and Rosio Garcia at 5:11pm, I stated that I had to have an emergency procedure and that I would be on FMLA **for at least a week.** At 5:33pm Tammy Mueller responded and said thank you for letting us know. Rosio Garcia responded at 6:50pm and said got it, thanks.

- On November 27, 2019 I contacted Kimberly Ferguson in Human Resources to let her know I would be out on FMLA. I also stated to her that I had text my supervisor Rosio Garcia and her supervisor, Tammy Mueller.

- On December 2, 2019 I text my supervisor Rosio Garcia to inform her that my FMLA paperwork would be submitted to HR the same day. I even asked her to let me know if I needed to do anything else. Rosio Garcia responded "Just to HR is good. Thanks for the update"

- December 5, 2019 I text Rosio Garcia to update her on my estimated return to work date which would be December 9, 2019. Rosio Garcia responded "Got it. Thank you ma'am"

- December 6, 2019 I sent an email to Kimberly Ferguson in Human Resources, notifying her of my return to work date of December 9, 2019. Kimberly Ferguson responded December 7, 2019 thanking me for updating her, stating she would notify my department On December 9, 2019 Kimberly Ferguson emailed me confirming that I had been on FMLA for the month of November 2019.

- December 9, 2019 my first day back in the office from being on FMLA, I received an email from Rosio Garcia at 8:15am stating that I need to process my workload that had compiled due to my absence. In addition to instructing me to help my coworkers with their workload. Whenever I am out of the office, my workload piles up until after I return. Meanwhile when my coworkers are out of the office, I am asked to complete their work.

- o December 10, 2019 I received another Disciplinary Statement from Rosio Garcia for not calling in every day while being on FMLA. Included in this statement was the district clerks' time-off policy **which was the regular time and attendance policy, not the FMLA policy.** Also missing were text messages from November 26, 2019 (previously stated). I explained to Cindy Watson that those messages should be included because it shows that I contacted Rosio Garcia to inform her that I would be out at least a week and that Rosio Garcia responded. Cindy Watson responded and said "it don't matter, I will add them but you're still going to receive this Disciplinary Statement

- December 11, 2019 - I received several emails from Rosio Garcia, harassing me about the workload that was not completed while I was out of the office on FMLA.

- January 28, 2020 - I emailed Rosio Garcia and asked her if we could accept an out of state money order. She responded "take it to finance". Rosio Garcia is the Finance Manager.

- January 31- February 25, 2020 I emailed Rosio Garcia requesting her to run my reports from the Texas Department of Criminal Justice. Rosio Garcia responded stating she wanted me to complete my coworkers report prior to me completing my own reports. Rosio Garcia also stated that my coworkers Texas Department of Criminal Justice report had not been worked in over a year.

- February 13, 2020 - Per my request months prior, I was able to finally have a meeting with Lynne Finley, Cindy Watson, Tammy Mueller and Rosio Garcia. This meeting was scheduled in order for me to go over the QC errors that I had received, in addition to the issues in which I was experiencing. Every time I tried to talk or explain, Tammy Mueller or Rosio Garcia would interrupt and talk over me. I feel as though this was purposely done so Lynne Finley would not learn the truth about me falsely receiving those errors. 15 minutes into the meeting, Lynne Finley stated she needed to leave to attend another meeting. After Lynne Finley left the conference room, I specifically stated that I did not understand why the work that I had been doing for the last 4 years was suddenly incorrect. I also reminded them that I created 80% of the documents

in our training manual as well as train new employees. These tasks were the responsibility of Rosio Garcia. I asked if they could explain to me step by step how they would like for me to process the payment plans and I would take notes. Tammy Mueller responded by yelling "absolutely not Jennifer. You know how to do this so stop playing dumb". Cindy Watson got up from the table and as she walked out the door stated "that she does not have time for this shit". Tammy Mueller went on to state that the meeting was over.

- February 13, 2020 - At 10:18am I emailed Lynne Finley regarding Tammy Mueller yelling at me and me unable to discuss my issues and concerns in the meeting. Lynne Finley responded, never addressing my issues and concerns.

- March 17, 2020 - I went to Cindy Watson inquiring about an ADA Accommodation to work for home due to Covid 19 and my current health conditions. Cindy Watson laughed in my face and said that I would never be allowed to work from home. Shortly after that I contacted Kimberly Ferguson, HR Generalist regarding the ADA /FMLA options as related to Covid 19. This contact was by phone as well as email.

    o  I was then moved from my front counter seat, to a shared cubical.

    o  On March 25, 2020 - I called Cindy Watson from my work phone and asked for a thermometer due to me feeling like I had a fever. Cindy Watson called me back to her office where Tammy Mueller was present. Cindy stated that they were going to send me to work from home due to me being considered "a high risk employee". Tammy Mueller went over my job duties in which she wanted me to work on while I would be working from home. Since my position requires me to be on the telephone a great portion of my day, I asked Tammy Mueller if I was being sent home with a telephone. Tammy Mueller responded and said "no we won't be sending you home with a telephone, you will need to use your cell phone to make calls". I responded to Tammy Mueller stating "I work with criminal cases and would prefer to not call criminal defendants from my cell phone". Tammy Mueller responded instructing me "to hit *67 prior to dialing the defendant's number". Tammy Mueller went on to explain that "this would block the defendant from having my cell phone number". Per Cindy Watson's instructions, I packed up my work computer and went home to begin my work from

    home duties. There was NO ADA paperwork submitted by myself nor my doctor in order for Cindy Watson to instruct me to begin working from home. In addition, I have yet to be reimbursed for using my personal cell phone.

- August 10, 2020 - I received and email from Cindy Watson in which she asked me to "get a doctor's note stating that you are high risk. It takes one person to mess things up. I provided the requested note to Cindy Watson on August 11, 2020.

- August 31, 2020 - I received another email from Cindy Watson stating that I am required to return to work on September 14, 2020.

- September 4, 2020 -I contacted Lynne Finley asking her what options were available for me to remain working from home. Lynne Finley suggested for me to contact Human Resources, specifically Julie Rutherford and for me to copy her on the email. I sent an email to Julie Rutherford at 9:31am. Julie Rutherford responded and suggested for me to complete ADA Accommodation paperwork. At approximately 10:45am, I was contacted by Collin County employee Shree Harris notifying me that she received from Julie Rutherford my email from earlier that morning at 10:23am.

- September 4, 2020 - I received the ADA Accommodation paperwork.

- September 8, 2020 – I submitted the ADA Accommodation paperwork to Julie Rutherford. Julie Rutherford responded and stated that within the next couple of days, she will provide a packet for my physician.

- September 11, 2020 - I received text messages on my personal cell phone from Lynne Finley at 2:30pm requesting a response by 3:00pm. I was out of the office that day. In addition, I received an email from Delena David, Senior Benefits Representative at 5:09pm (after work hours). Delena stated that based on the documentation they received from my physician, that I may not return to the office on Monday, September 14, 2020 and I would need to use my PTO until Lynne Finley made a decision regarding my ADA accommodation.

- September 14, 2020 - I went to Collin County Courthouse and returned my computer equipment to Lynne Finley and Cindy Watson as instructed.

-

- September 16, 2020 - I received an email from Jessica Gramly saying additional clarification was needed regarding the ADA Accommodation form my doctor submitted on September 8, 2020. The additional clarification request was submitted to Jessica Gramly September 16, 2020

- September 17, 2020 - I received an email from Erica Johnson stating that if an ADA accommodation could not be reached, my employment may be terminated. The information that Lynne Finley provided to Erica Johnson, was incorrect, as it was not my job description.

- September 17, 2020 – Collin County Human Resources received from the EEOC my charge of discrimination. The EEOC charge number is 450-2020-06448

- September 21, 2020 – After all of my PTO was exhausted, I received an email from Lynne Finley allowing a temporary accommodation to continue to work from home. Lynne Finley, in addition to Cindy Watson had known since August 11, 2020. The amount of time that it took Lynne Finley to respond, resulted in a significant amount of my PTO hours lost.

- Since I became sick in 2018, I have received low performance evaluations, even though I was sick, I still remained the top producer in the District Clerks office every year. As a result of the low evaluations, I have received a 1% salary increase. In prior years I have received a 7% salary increase.

- June 14, 2021 – I received a Notice of Suit Rights from the EEOC

- Jury Demand

10. The acts set forth in paragraph 9 of this complaint:

    a. \_\_\_\_\_ are still being committed by defendant.

    b. \_\_\_\_\_ are no longer being committed by defendant.

    c. __X__ defendant may still be committing the acts.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint. WHEREFORE, Plaintiff prays that the Court grant the following relief to the plaintiff:

    a. \_\_\_\_\_ Defendant be directed to employ plaintiff.

    b. \_\_\_\_\_ Defendant be directed to re-employ plaintiff.

    c. \_\_\_\_\_ Defendant be directed to promote plaintiff.

    d. __X__ Defendant be directed to **cease & desist** and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_Jennifer Martin_
(Signature of Plaintiff)

1980 East Highway 121
Apt 4203
Lewisville TX 75056